HENRY C. STIMSON *v.* JOHN E. BACON et al.

1. The Chancellor endorsed on a bill the usual order for an injunction to issue on filing the bill, and the bill was not filed for four months after the order was made. A sheriff's sale had been delayed by the proceedings, although no injunction had actually been issued.

2. *Held*, that the proceedings were altogether irregular, and the bill must be dismissed, with costs.

3. That the bill should have been filed, whether the injunction was made use of or not.

On motion to dissolve injunction.

*Mr. Woodruff*, for the motion.

*Mr. Canfield, contra.*

THE CHANCELLOR. The bill was sworn to on the seventh day of July, 1851. In aid of the relief sought, an injunction was prayed for to enjoin a sale by the sheriff of the county of Passaic, upon a judgment and execution at law.

On the bill being presented to the Chancellor, he endorsed upon it the usual order for an injunction to issue on filing the bill. There is no date to the order. But the sale enjoined was advertised for the seventh day of July, the day the bill was sworn to, so that the order must have been made on that day.

The bill was not filed until the twelfth day of November last, more than four months after the order was made. It appears by the certificate of the clerk that no injunction was issued from the office, and yet, it is admitted that by the proceedings referred to, the sale has been in some way delayed until this time.

This proceeding was altogether irregular, and cannot be sanctioned by the court. The bill should have been filed

without delay.  The reason given on the argument why it was not filed was, because the complainant had hopes of making some arrangement with the defendants to render it unnecessary for him to use the injunction.

The bill should have been filed, whether the injunction was made use of or not.  I feel it my duty not to dissolve the injunction merely, but to declare the proceedings irregular, and order the bill dismissed, with costs.